IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS L. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3246 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROGER SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In Response to the court's Memorandum and Order noting that the plaintiff, Curtis L. Bush, has been released from prison and should file a new motion for leave to proceed in forma pauperis ("IFP") based on his changed circumstances caused by release, the plaintiff has done so (Filing No. 7). Upon review of the record, Filing No. 7 is granted, and the plaintiff is relieved of any liability for the balance of the filing fee. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

However, by proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he slipped and fell on a greasy spot left uncleaned and without a warning sign in the Lancaster County Jail. He suffered physical injuries and pain as a result of the negligence of jail employees. As a result, the plaintiff would like the defendants to pay him $2,000,000 and/or future lost earnings.

The problem in this case is that the plaintiff's allegations concerning the circumstances of his injury state, at most, a claim of negligence. Negligence by prison officials is not actionable under 42 U.S.C. § 1983, which requires a much greater standard of culpability, such as deliberate indifference, at a minimum. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001.

A claim of negligence arises under Nebraska state law, not federal law. The plaintiff may be able to pursue a claim in a state court, but his claim does not state a cause of

action for violation of the Constitution or laws of the United States which may be brought in this court under the federal civil rights laws. Therefore, the plaintiff's complaint and this action will be dismissed without prejudice so that he may pursue his claim, if he is so inclined, in an appropriate state forum after filing a timely administrative claim under the Nebraska Political Subdivisions Tort Claims Act.

THEREFORE, IT IS ORDERED:

1. That pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff's complaint and this action are dismissed; and

2. That judgment will be entered accordingly.

DATED this 8th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge